BAKER, EXR., *v.* HUTYERA, EXTRX.

[Cite as Baker v. Hutyera (1971), 27 Ohio Misc. 19.]

(No. 752617—Decided March 17, 1971.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Messrs. Rippner, Schwartz & Carlin,* for plaintiffs.
*Messrs. Arter & Hadden, Mr. Harry T. Quick,* for defendants.

MERRICK, P. J.  This matter came on to be heard upon a petition for declaratory judgment filed by Leslie E. Baker, as executor of the estate of Andrew R. Wohlman, and others, to declare void the vacation of the election of Andrew R. Wohlman, surviving spouse of Bertha Wohlman, deceased.

Bertha Wohlman died on September 30, 1968, survived by Andrew Wohlman, her husband.  Under the terms of the will of Bertha Wohlman, Andrew Wohlman received a life estate in the property of his wife, with the remainder upon his death to pass to Bertha Hutyera, Irene Bako and Gustave Duloves, children of Bertha Wohlman.  Bertha Hutyera was named executrix of the estate of Bertha Wohlman and was duly appointed by this court on November 12,

20

1968. On January 9, 1969, the inventory and appraisal was filed, showing a gross estate of $154,651.27.

On January 30, 1969, pursuant to an application advising that Andrew Wohlman was unable to appear in Probate Court to make his election as surviving spouse due to ill health, this court appointed Francis X. Feighan as commissioner, pursuant to R. C. 2107.44, to take his election. On January 30, 1969, the commissioner took the election of Andrew Wohlman and duly filed said election with this court. Said commissioner certified that he explained and made known to the widower the provisions of the will of his spouse and his rights under the laws of the state of Ohio. Said election was signed by Andrew Wohlman showing his election to take under the statute of descent and distribution.

On February 25, 1969, on motion made by Bertha Hutyera, executrix of the estate of Bertha Wohlman and residuary beneficiary under her will, this court vacated the election of Andrew Wohlman to take under the law. No evidence was presented to this court. An affidavit signed by Andrew Wohlman was attached to the motion.

On February 22, 1970, Andrew Wohlman died. This action was instituted by Leslie Baker, as executor of the estate of Andrew Wohlman, and by others to declare void the vacation of the election of Andrew Wohlman. The issues raised by the petition are:

(1) that the court was without jurisdiction to vacate the election upon motion; and

(2) that the affidavit of Andrew Wohlman attached to the motion was signed as a mistake of fact on his part as well as by undue influence and pressure placed upon him and fraud perpetrated upon him.

Upon the hearing, the court received the testimony of the commissioner, with the right reserved to the plaintiffs to produce further evidence as to the second issue. The court also had before it a motion for summary judgment filed by the defendants and briefs of counsel.

Under R. C. 2107.39 a surviving spouse may elect to take under the will or against the will of a deceased spouse.

R. C. 2107.43 provides that such election must be made in person before the probate judge or a deputy, except as provided in R. C. 2107.44 and 2107.45. The judge or deputy is required to explain the will, the rights under such will, and under the law, in the event of an election to take under the law.

R. C. 2107.44 permits the election of a surviving spouse to be taken by a commissioner appointed by the court upon application on behalf of a surviving spouse. In this case, upon application filed on behalf of the surviving spouse advising that he was in ill health, and residing in a nursing home, this court appointed a commissioner, to take his election. The election taken by the commissioner was duly filed in this court showing the election of Andrew Wohlman to take under the law. By so electing, Andrew Wohlman would take one-third of the net estate in addition to his exempted estate, rather than a life-estate in his widow's property.

Once an election has been properly made it can be vacated only upon petition filed by the surviving spouse. *Davis* v. *Davis* (1860), 11 Ohio St. 387; *Bell* v. *Henry* (1929), 121 Ohio St. 241; *Smith* v. *First National Bank of Akron* (1954), 124 N. E. 2d 851.

In this case, the election was vacated upon motion, not petition, filed by the executrix of the estate of Bertha Wohlman, not the surviving spouse. It now becomes apparent who was to benefit by the vacation of the election.

The Supreme Court in *Davis* v. *Davis, supra,* fourth syllabus, holds: such election, when made and recorded, can be vacated only on petition to the court of common pleas, or other court having general equity jurisdiction. This procedure has been consistently followed by the courts of this state.

This court declares the vacation of the election of Andrew Wohlman to be void on the ground that the court did not have jurisdiction. The election of Andrew Wohlman to take under the law, and against the will of Bertha Wohlman, taken by the commissioner duly appointed by this court and filed pursuant to R. C. 2107.44 is valid.